UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EAGLE FINANCIAL SERVICE, COA FINANCIAL GROUP, LLC and Association,<br><br>Plaintiffs,<br><br>v.<br><br>C.I.P VENTURE GROUP, LLC; SOUTHPORT COMMERCIAL PARK, WELLS FARGO BANK LFGREGO JOSEPH TRUST,<br><br>Defendants. | Civil No. 07-CV-800-L(AJB)<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

On May 2, 2007, plaintiffs "Eagle Financial Service" and "COA Financial Group LLC and Association" ("plaintiffs") filed the above-captioned case. The Court has reviewed plaintiffs' complaint and, as discussed below, finds that the named plaintiffs must be represented by counsel and the Court lacks subject matter jurisdiction over the complaint. The complaint, therefore, is dismissed without prejudice.

**DISCUSSION**

**1.** *Pro se status*

In this action, plaintiffs, commercial entities, are not represented by counsel. Instead, the complaint is signed by Andrew Moore, who asserts that he is the "spokes person in behalf" of plaintiffs. (Complaint at 1, 15).

The statute governing representation in the federal courts is 28 U.S.C. § 1654, which provides: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."  The portion of the statute granting permission to the parties to "plead and conduct their own cases personally" has been uniformly construed as authorizing individuals who are parties to an action to appear *in propria persona*, but only where they are representing themselves alone, asserting their own personal rights or interests exclusively.  *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987); *McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966); *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962); *Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 348 (8th Cir. 1994).  Nonattorneys are barred from representing corporations (*Carr Enterprises, Inc. v. United States*, 698 F.2d 952, 953 (8th Cir. 1983)), partnerships (*Eagle Associates v. Bank of Montreal*, 926 F.2d 1305, 1308-10 (2d Cir. 1991)), unincorporated associations (*Church of the New Testament v. United States*, 783 F.2d 771, 773-74 (9th Cir. 1986) (church)), and, trusts (*C.E. Pope*, 818 F.2d at 697; *see also Knoefler*, 20 F.3d at 348 ("A nonlawyer, such as these purported 'trustee(s) pro se' has no right to represent another entity, *i.e.,* a trust, in a court of the United States.")).  Such entities are, by their very nature, unable to appear in person and must act through representatives. *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993).

Because plaintiffs are business entities, they must be represented by a licensed attorney. *Id.* ("It has been the law for the better part of two centuries . . . that a corporation may appear in federal court only through licensed counsel."); *accord United States v. Unimex*, 991 F.2d 546, 549 (9th Cir. 1993) ("Counsel is essential for a corporation at trial because it cannot appear *pro se*.").

Here, there is no evidence that Andrew Moore, who has signed the complaint on behalf of Eagle Financial and COA Financial Group, LLC, is an attorney.  Without properly licensed legal counsel, plaintiffs may not bring and maintain this action *pro se*.  Accordingly, the action must be dismissed without prejudice.

/ / /

### 2. Subject matter jurisdiction

The Court has also reviewed plaintiffs' complaint and finds that as currently filed, the complaint fails to set forth the basis for the Court's subject matter jurisdiction. The federal court is one of limited jurisdiction. *See Gould v. Mutual Life Ins. Co. of New York*, 790 F.2d 769, 774 (9th Cir. 1986). As such, it cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 93-94 (1998). "Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Id.* (*quoting Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)). Subject matter jurisdiction in the federal court is either by diversity of citizenship or original jurisdiction. Under Federal Rule of Civil Procedure 12(b)(1), the Court can dismiss a complaint for lack of subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). Plaintiff bears the burden of establishing subject matter jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (stating that the burden of establishing jurisdiction rests on the party asserting it).

A federal court has diversity jurisdiction over an action involving citizens of different states and where the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. Here, plaintiffs have neither alleged nor shown that the Court's jurisdiction is based upon diversity of citizenship.

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Because plaintiffs have not asserted diversity jurisdiction, in order to have jurisdiction over plaintiffs' claims, the Court's original jurisdiction must be established.

Plaintiffs' first cause of action is breach of contract which is a state law cause of action that does not arise under the Constitution, laws or treaties of the United States. Accordingly, this claim does not fall within the Court's original jurisdiction.

The second cause of action is entitled "Racial Discrimination Against Black Enterprise/Business, Title 42 [§§] 1984, 1985, 1986." Although a federal claim for discrimination on the basis of race can be asserted, plaintiffs have not mentioned racial

discrimination in the body of the Complaint.  In the absence of any allegations of racial discrimination occurring because of defendants, there is no federal cause of action asserted. Further, the Court notes that section 1984 has been omitted from Title 42; therefore, it cannot provide the basis for any cause of action.  Title 42, section 1985 deals with conspiracy to interfere with civil rights.  There are, however, no allegations of a conspiracy of any type or a conspiracy to interfere with civil rights.  Therefore, as set forth in the complaint, section 1985 provides no basis for the Court's original jurisdiction.  Finally, section 1986 concerns an action for neglect to prevent wrongs that were conspired to be done under 42 U.S.C. § 1985.  Because plaintiffs have not stated a claim under section 1985, there can be no showing of failure to prevent a claim under section 1985.  Thus, plaintiff's second cause of action does not assert a claim that invokes the Court's original jurisdiction.

Plaintiffs' third cause of action is entitled "Invasion of Title 15, 1666 (a) - (e) Notice of error, Request for and Investigation, Dishonor by Refusal to Cure/ set Remedy / Forfeitures of Claim."  Although this claim is difficult to discern, reference to 15 U.S.C. § 1666 suggests plaintiffs are attempting to bring a claim under the Truth-in-Lending Act ("TILA").  TILA, which is contained in Title I of the Consumer Credit Protection Act, as amended (15 U.S.C. § 1601, et seq.), is intended to assure a meaningful disclosure of credit terms so that consumers can compare more readily various available terms and avoid the uninformed use of credit. 15 U.S.C. § 1601(a).  TILA requires that creditors disclose to borrowers specific information, including finance charges, annual percentage rate, and the right to rescind a transaction. *See e.g.*, 15 U.S.C. §§ 1635, 1638.  Regulation Z, 12 C.F.R. Part 226, is issued by the Board of Governors of the Federal Reserve System to implement TILA. *See* 12 C.F.R. § 226.1(a).

The elements of a TILA claim includes:

    a.    A creditor (15 U.S.C. § 1602(f));
    b.    extending credit (15 U.S.C. § 1602(e));
    c.    to a consumer for primarily personal, family or household purposes (15 U.S.C. § 1602(h));
    d.    that does not fall within one of the exemptions for certain types of transactions (15 U.S.C. § 1603)).

Because defendants are business entities rather than consumers and the money at issue

appears to have been for a business purpose rather than for personal, family or household purposes, TILA would not be applicable to the events giving rise to plaintiffs' allegations. If TILA is inapplicable, plaintiffs' third cause of action would not provide the Court with original jurisdiction.

Finally, plaintiffs' fourth cause of action is entitled "Invasion of 73rd Congress, House Joint Resolution – 192 (the United States insurance policy), and the Emergency Bankruptcy of 1933." This claim is incomprehensible. As such, it does not state a federal cause of action.

Plaintiffs have failed to state a claim in their complaint that would support the exercise of the Court's original jurisdiction. Consequently, even if plaintiffs were represented by counsel, plaintiffs have not demonstrated that the Court has subject matter jurisdiction over their claims. Accordingly, the complaint must also be dismissed for lack of subject matter jurisdiction.

Plaintiffs also state on the first page of their complaint: "DEMAND FOR GRAND JURY INVESTIGATION / REVIEW."  In the federal system, grand juries generally are convened at the request of the prosecutor. The case law on this topic is clear:  an individual has no legally cognizable interest, and thus no standing under Article III, in the demand of a grand jury investigation of another, the prosecution of others or the enforcement of criminal laws. *United States. Sargeant v. Dixon*, 130 F.3d 1067, 1069 (D.C. Cir. 1997); *Simpson v. Reno,* 902 F. Supp. 254 (D.D.C. 1995); *see also, Diamond v. Charles*, 476 U.S. 54, 64-65, 106 S. Ct. 1697 (1986); *In re Kaminski*, 960 F.2d 1062, 1064 (D.C. Cir. 1992) (private party lacks judicially cognizable interest in prosecution of another person); *Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir.1990); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir.1989); *Linda R.S. v. Richard D.*, 93 S. Ct. 1146, 1149 (1973)("in American jurisprudence, at least, a private citizen lacks a judicially cognizable interest in the prosecution . . . of another"). Thus, there is no legal or factual basis for plaintiffs' demand for a grand jury investigation of defendants.

## CONCLUSION

Plaintiffs must be represented by legal counsel in order to bring and maintain this action. Because the case is dismissed without prejudice, if plaintiffs obtain counsel within the time provided, plaintiffs, through counsel, will be permitted to file an amended complaint. An

amended complaint must address the deficiencies noted within this Order and must include a legally proper assertion of the Court's subject matter jurisdiction.

Based on the foregoing, **IT IS ORDERED** dismissing this action without prejudice. **IT IS FURTHER ORDERED** that if named plaintiffs wish to file an amended complaint which addresses the deficiencies noted above, plaintiffs shall obtain counsel who shall file an amended complaint within 30 days of the filing of this Order. Failure to file an amended complaint within the time provided shall result in the closing of this case without further notice.

**IT IS SO ORDERED.**

DATED: May 14, 2007

M. James Lorenz
United States District Court Judge

COPY TO:

HON. ANTHONY J. BATTAGLIA
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL